IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>LYLE JEFFS; DALE BARLOW; and THE FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, incorporated and doing business as and acting through the CORPORATION OF THE PRESIDING BISHOP OF THE FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; and THE CORPORATION OF THE PRESIDENT OF THE FUNDAMENTALIST CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,<br><br>    Defendants. | ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:15-cv-00643-JNP<br><br>District Judge Jill N. Parrish |

Before the court is the Secretary of Labor's (Secretary's) motion for a default judgment for back wages. ECF No. 44. The court DENIES the motion without prejudice.

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). "The purpose of this rule is to provide defending parties with adequate notice of the potential damages for which they may be liable." *Boilermaker-Blacksmith Nat. Pension Fund v. A & B Welding & Const., Inc.*, No. 10-CV-2664-CM, 2011 WL 5151965, at *1 (D. Kan. Oct. 28, 2011). The complaint filed with the court and served on

defendants Lyle Jeffs and The Fundamentalist Church of Jesus Christ of Latter-Day Saints alleged that "Defendants owe unpaid wages to certain of Defendants' former employees, for the period of January 1, 2012, to December 31, 2013." But in his motion for default judgment, the Secretary seeks back wages from April 22, 2011 through the end of 2013. Thus, the period of time for which the Secretary seeks back wages is longer than the period of time stated in the complaint.

Because the defendants only had notice of the Secretary's claim to back wages in 2012 and 2013, the court may not award the full amount requested by the Secretary. Moreover, the court is unable to calculate the amount that should be excluded from the default judgment because the evidence provided to the court does not allow the court to parse the back wages requested. Accordingly, the court denies the motion for default judgment. The Secretary may file a new motion supported by evidence of back wages that is restricted to the period from January 1, 2012 to December 31, 2013.

DATED December 23, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge